E-FILED
Monday, 20 April, 2020 09:04:45 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENJAMIN HARBAUGH, Plaintiff, | ) | |
| vs. | ) | No. 19-4240 |
| DIRECTOR SCOTT, et.al., Defendants. | ) | |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. The *pro se* Plaintiff has filed a complaint and a motion for leave to proceed *in forma pauperis* (IFP).[1, 3].

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir.

2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff has identified 18 Defendants including Director Scott; Assistant Program Director Kunkle; Security Director McCurry; Vocational Personnel Wilson, Wilcoxin, and Clayton; Security Therapy Aides (STA) Chenoweth, Moore, Elliot, Logan, Grate, Lucas and Parsons; Grievance Officers Simpson and Vincent; Internal Affairs Officer Seymour, Information Technology Officer White; and Quality Assurance Officer Shelton. The Court notes Plaintiff has attached copies of several grievances to his complaint. The Court will only consider claims stated in the body of Plaintiff's complaint. The Plaintiff cannot expect the Court or the Defendants to search for other, potential claims in exhibits.

Defendants Wilson, Clayton, and Wilcoxin assigned Plaintiff to the job of library aid at Rushville. The library has a copier and scanning machine available for inmates to make copies and electronically file documents with the Court. Plaintiff says he was cleaning the library and noticed the copying machine had a "Micro SD card" similar to a flash drive. (Comp., p. 6). Plaintiff says he "immediately suspected" Rushville officials were "retaining copies including all legal copies." (Comp., p. 6).

Plaintiff decided to take action to "test his theory" concerning the Micro SD card. (Comp, p. 6). During the week of April 29, 2019, Plaintiff says he was the only one in the library, so he "intentionally made photo copies considered to be pornographic in nature." (Comp., p. 6). Plaintiff then immediately destroyed all copies.

On May 6, 2019, STAs Chenoweth, Moore, Elliot, and Logan conducted a shakedown of Plaintiff's cell and Defendant Chenoweth conducted a pat down search of the Plaintiff. Although not entirely clear from Plaintiff's complaint, it appears the STAs found the original pornographic material during this search and Plaintiff admits it was hidden in his cell.

At some unspecified date, Defendants McCurry and Seymour came to Plaintiff's cell and took him to segregation. On May 8, 2019, Plaintiff appeared before the behavior committee. Plaintiff was apparently found guilty of possessing pornographic material, because Plaintiff says he received seven days in segregation and a reduction in housing status and privileges.

Plaintiff filed a grievance and received a response from Defendants Simpson and Vincent which "appeared to be a cover up." (Comp, p. 6). Director Scott also signed off on the grievance response.

Plaintiff says while he was in segregation, he asked Defendant Grate if he could have his shampoo, deodorant, and legal materials for an upcoming court date. Plaintiff does not state when he was scheduled to appear in Court. Defendant Grate denied the request noting Plaintiff already had "the basics" with him. (Comp., p. 7). Plaintiff again filed a grievance "to no avail." (Comp, p. 7).

Plaintiff says Defendant Parsons called him to go through all the property confiscated during the shakedown of Plaintiff's cell. The Defendant presented Plaintiff with several grievances Plaintiff had submitted, and Defendant Parsons advised Plaintiff to "let the issues go." (Comp., p.8). The Defendant then walked Plaintiff to his

cell to obtain a copy of a specific grievance Plaintiff had submitted. Defendant Parsons said he would make a copy and return it to Plaintiff. However, Plaintiff says the Defendant still has not returned the original document. Plaintiff filed a new grievance, but it was denied.

Plaintiff returned to his cell from segregation on May 15, 2019 and noticed his typewriter was damaged. Plaintiff says he bought a new typewriter and when it arrived, property officers told him he could not keep the broken typewriter. Plaintiff chose to send the broken typewriter home.

Plaintiff filed a grievance and asked Rushville officials to pay him for the damage to his old typewriter or pay for the new one. Plaintiffs' grievance was denied. Defendant Vincent said since the old typewriter was no longer at Rushville, he could not verify if the typewriter was broken. In addition, Defendant Vincent said none of Plaintiffs' property was broken during the earlier search of his cell.

Plaintiff says Defendant White is responsible for all information technology equipment at Rushville, Defendant Lucas is in charge of the library, and Defendant Shelton is responsible for retaining copies of documents which are scanned. Therefore, Plaintiff says he is holding each Defendant responsible for "breaking the law and resident's rights in retaining copies of resident's photo copies and scans." (Comp., p. 8). Plaintiff further claims Rushville is sharing information obtained with the Illinois States Attorney and the Illinois Attorney General's offices to give "them a leg up" in litigation. (Comp, p. 9).

The only constitutional violation Plaintiff clearly states in his complaint is based on his belief that Rushville officials are keeping copies of any documents Rushville residents scan or copy in the library, and further providing those documents to the Illinois Attorney General or a States' Attorney's Office. Plaintiff has failed to articulate anything other than his own speculation or conclusion without any factual basis to support this claim. Plaintiff has no evidence any resident's documents were retained and no evidence his own copies were retained. Plaintiff was disciplined after pornographic material was found in his cell.

Furthermore, Plaintiff does not have standing to bring a claim alleging Rushville officials copied legal documents and provided those copies to the opposing party, because Plaintiff does not allege this ever happened to him. *See Payton v. County of Kane*, 308 F.3d 673, 677 (7th Cir. 2002)("Article III requires that the plaintiff has suffered an injury in fact which is fairly traceable to the challenged action of the defendant and likely, as opposed to merely speculative, to be redressed by a favorable decision.") (internal quotations and citations omitted).

Plaintiff does not identify any other specific, constitutional violations, but based on his allegations and named Defendants it appears Plaintiff also intended to include other claims. For instance, Plaintiff has named the individuals involved in the search of his cell and the pat down search of his body as Defendants, but Plaintiff has not stated how they violated his constitutional rights. Plaintiff simply says there were body scanners available when residents return to the facility that could have been used.

Plaintiff has named all individuals involved with ATR or grievance process at Rushville and the fact that several grievances were denied and one was not returned, but he has not alleged a constitutional violation. *See Smego v. Hankins*, 681 Fed.Appx. 506, 508 (7th Cir. 2017)(Rushville resident not deterred from filing lawsuit based on negative response to grievances), *citing Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)("invocation of the judicial process indicates that the prison has not infringed his First Amendment right to petition the government for a redress of grievances"); *see also McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013) (Rushville detainee's claims alleging Defendants ruled against him on grievances fails as a matter of law); *Grieveson v. Anderson,* 538 F.3d 763 (7th Cir.2008)(pretrial detainees had no substantive constitutional right to a grievance procedure).

Plaintiff mentions Defendant Grate failed to provide him with the shampoo, deodorant or legal materials from his previous cell, but Plaintiff has not provided enough detail to state a constitutional violation. For instance, if Plaintiff intended to state a claim based on a denial of legal material, Plaintiff must allege he suffered an actual injury due to his inability to pursue a non-frivolous claim and identify that specific legal claim involved. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *see also Lostutter v. Dimas*, 2017 WL 3484646, at *1 (C.D.Ill. Aug 14, 2017)(Rushville resident did not allege the lack of legal assistance prejudiced an otherwise meritorious claim); *Schloss v. Ashby*, 2011 WL 4804868, at *3 (C.D.Ill. Oct. 11, 2011)("Denial of copies of unidentified legal pleadings does not, by itself, state an access claim.")

If Plaintiff was attempting to state a claim based on the damage to his typewriter, he has also failed to articulate a constitutional violation. Apparently the damage happened when Plaintiff was in segregation and therefore Plaintiff has no evidence any Rushville staff member was responsible. Regardless," the Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims." *Cason v. Hare*, 2019 WL 6054823, at *2 (S.D.Ill., Nov. 15, 2019)(citations omitted).

Plaintiffs' complaint is dismissed for failure to state a claim upon which relief could be granted. *See* 28 U.S.C. § 1915(d)(2). Even if given time to file an amended complaint, Plaintiff cannot state a claim based on his conclusion that Rushville staff are copying resident's documents. In addition, Plaintiff cannot articulate a claim based on the denial of his grievances, the loss of one grievance, or the damage to his typewriter.

However, if Plaintiff believes he can clarify his claims concerning the search of his cell, the pat down search, or the denial of his shampoo, deodorant or legal materials, he may file an amended complaint within 21 days. The amended complaint must stand complete on its own and must not refer to the initial complaint. As noted, Plaintiff must not repeat claims already considered and dismissed in this order.

For any remaining claim, Plaintiff must provide additional information as outlined in this order to clarify his allegation. If Plaintiff no longer wishes to pursue this lawsuit, he may file a motion to voluntarily dismiss within 21 days.

Since Plaintiff has failed to articulate a violation of his constitutional rights, his motion for leave to proceed *in forma pauperis* (IFP) is denied. [3]. If Plaintiff files a proposed amended complaint, he must either pay the filing fee in full, or file a renewed motion to proceed IFP with updated information.

Finally, Plaintiff has filed a motion for appointment of counsel.[4]. Plaintiff has no constitutional right to the appointment of counsel. The Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Plaintiff has not demonstrated he made any attempt to find counsel on his own such as a list of attorneys contacted or a copy of letters sent or received. Therefore, his motion is denied with leave to renew after Plaintiff clarifies his claims.[4].

**IT IS THEREFORE ORDERED:**

1) Plaintiff's petition to proceed *in forma pauperis* is denied because Plaintiff fails to state a federal claim. [3].

2) Plaintiff's complaint is dismissed for failure to state a claim. If Plaintiff believes he can clarify the claims listed in this order, he may file an amended

complaint within 21 days or on or before May 11, 2020. If Plaintiff fails to file an amended complaint on or before May 11, 2020 or fails to follow the Court's directions, his case will be dismissed without prejudice. If Plaintiff no longer wishes to pursue this lawsuit, he may file a motion to voluntarily dismiss within 21 days.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff clarifies his claims. [4].

4) The Clerk of the Court is to provide Plaintiff with a blank complaint form and IFP form to assist him. In addition, the Clerk must reschedule the internal merit review deadline within 30 days of this order.

ENTERED this 20th day of April, 2020.

s/ James E. Shadid

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE